UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2011 AUG -9 AM 11: 02

BY _____ CLERK
       DEPUTY CLERK

| | |
|---|---|
| JOAN MARIE ROBTOY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:10-cv-301 |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| Defendant. | ) |

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Docs. 3, 5, & 9)

This matter came before the court for a review of the Magistrate Judge's July 8, 2011 Report and Recommendation (R & R) in the above-captioned matter. Neither party has objected to the R & R, and the deadline for doing so has expired.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Perez-Rubio v. Wykcoff*, 718 F. Supp. 217, 227 (S.D.N.Y. 1989). The district judge may "accept, reject, or modify, in whole or in part, the magistrate's proposed findings and recommendations." *Id.* A *de novo* determination pursuant to Section 636(b)(1) "permit[s] whatever reliance a district court, in the exercise of sound judicial discretion, [chooses] to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980).

Plaintiff Joan Robtoy brought this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act, requesting the court to review and remand the decision of the Commissioner of Social Security (the "Commissioner") which denied her application for Social Security Disability Insurance Benefits and Supplemental Security Income based

upon a finding that Ms. Robtoy was not disabled. Thereafter, Ms. Robtoy filed a motion to reverse the Commissioner's decision (Doc. 3) and the Commissioner filed a motion to affirm (Doc. 5).

Pursuant to the Social Security Act, a "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

In reviewing the Commissioner's decision that Ms. Robtoy is not disabled, the court must confine its *de novo* review of the administrative record to a determination of whether there is "substantial evidence" to support the Commissioner's factual findings, and whether the Commissioner applied the correct legal standards in rendering a decision. 42 U.S.C. § 405(g); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). It is the Commissioner, and not the court, that resolves evidentiary conflicts and determines credibility. *See Richardson*, 402 U.S. at 399.

In his eighteen page R & R, the Magistrate Judge carefully reviewed the factual record and the competing motions and determined that Administrative Law Judge ("ALJ") Paul Martin did not err in adjudicating Ms. Robtoy's claim. The Magistrate Judge found that "ALJ Martin conducted a correct analysis of [Ms.] Robtoy's claim in a comprehensive fashion. He cited substantial evidence to support his findings, and discussed the opinions of the relevant treatment providers, whether treating or consulting." (Doc. 9 at 17.)

The Magistrate Judge further concluded that the ALJ did not commit legal error by failing to give controlling weight to the opinion of Ms. Robtoy's treating primary care physician, Dr. Christine Payne, or when the ALJ applied the "special technique" set forth in 20 C.F.R. § 404.1520a.

The court agrees with the Magistrate Judge's conclusions. The court also agrees that Exhibit A to Ms. Robtoy's motion does not constitute "new evidence" under the standard set forth in *Jones v. Sullivan*, 949 F.2d 57, 60 (2d Cir. 1991).

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R, GRANTS the Commissioner's motion for an order affirming the ALJ's decision (Doc. 5) and DENIES Ms. Robtoy's motion to remand and reverse (Doc. 3).

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 9th day of August, 2011.

Christina Reiss, Chief Judge
United States District Court

3